UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARLENE DUPOUX-DAVIS ) <br> Plaintiff ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> WORLDWIDE ASSET PURCHASING II LLC) <br> RUBIN & ROTHMAN LLC ) <br> Defendants ) <br> _____) | CIVIL ACTION <br><br> CIVIL ACTION NUMBER_____ <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for actual and statutory damages brought because of Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and New York General Business Law § 349(h). (hereinafter "GBL") which prohibits deceptive business practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under FDCPA §1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 2201.

3. Supplemental jurisdiction exists for state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

1

## **PARTIES**

5. Plaintiff Marlene Dupoux-Davis (hereinafter "Plaintiff") is a natural person residing in the County of New York, State of New York and is a consumer as that term is defined by FDCPA §1692a(3).

6. Plaintiff is the litigant referred to as "Marlene Nadler" in New York County City Civil Court lawsuits 13397/09 (Exhibit 1) and 13405/10 (Exhibit 2).

7. Defendant Worldwide Asset Purchasing II, LLC (hereinafter "Defendant Worldwide") is a limited liability company organized and existing under the laws of the State of Nevada, with a primary place of business in the State of Georgia.

8. Defendant Worldwide is primarily in the business of buying defaulted debts for pennies on the dollar and then collecting on said debts via phone calls, letters, and court civil actions and is a "debt collector" as that term is defined by FDCPA §1692a(6).

9. On information and belief, during the years 2009 and 2010, Defendant Worldwide brought 2,787 consumer credit breach of contract actions in New York State as an alleged assignee of defaulted consumer debts.

10. Defendant Rubin & Rothman, LLC, (hereinafter "Defendant Rothman") is a domestic limited liability company organized and existing under the laws of the State of New York and having its principle place of business in 1787 Veterans Highway, Islandia, New York 11749.

11. Defendant Rothman regularly attempts to collect debts alleged to be due another and is a "debt collector" as that term is defined by FDCPA §1692a(6).

12. On information and belief, during the years 2009 and 2010, Defendant Rothman brought 87,044 consumer credit breach of contract actions in New York State.

13. The acts of the Defendants alleged hereinafter were performed by their employees acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

### Factual allegations concerning a 1997 First North American National Bank Circuit City Store Card

14. On or about December of 1997 Plaintiff received a Circuit City store card, financed by First North American National Bank. It is possible that she owes a debt to First North American National Bank on said card, but too much time has transpired for Plaintiff to be certain or to know an amount.

15. Plaintiff applied for the Circuit City store card at the cash register of a Circuit City.

16. Plaintiff made one or more payment on the Circuit City store card at the cash register of a Circuit City.

17. Plaintiff's Circuit City store card did not have on it the logo of Mastercard, Visa, Discover, etc.

18. The Circuit City store card is subject to a four year statute of limitation under UCC § 2-725.

19. Plaintiff is relatively certain that she last made a payment on the Circuit City store card in 2004 or 2005.

20. On information and belief, First North American National Bank purports to have assigned its Circuit City store cards to Bank One in or around 2004.

21. On information and belief, Bank One purports to have merged with Chase Manhattan Bank in or around 2004.

22. In New York County Civil Court lawsuit 13405/10, the Defendants allege that a debt owed by Plaintiff to Chase Manhattan Bank was assigned to Defendant Worldwide. (Exhibit 2) *See infra.*

23. On information and belief, Defendants' lawsuit 13405/10 is a deceptive attempt to sue for a possibly defaulted Circuit City store card allegedly assigned at least three times--from First North American National Bank to Bank One to Chase Manhattan Bank to Defendant Worldwide.

**Factual allegations concerning Plaintiff's only credit card issued to her by Chase Manhattan Bank**

24. Chase Manhattan Bank has only ever issued one credit card to Plaintiff, and it is possible that Plaintiff defaulted on said credit card.

25. On January 16, 2009, Plaintiff was sued for the one credit card ever issued to her by Chase Manhattan Bank in New York County Civil Court lawsuit 2344/09. (Neither Defendant was involved in lawsuit 2344/09.)

4

26. Plaintiff reasoned that she would not be sued twice simultaneously for a credit card issued by Chase Manhattan Bank.

### Factual allegations concerning Defendants' aborted lawsuit under index #13397/09

27. In or around March 2009 Defendant Worldwide retained a law firm (not Defendant Rothman) that on March 23, 2009 filed in New York County Civil Court lawsuit 13397/09 (Exhibit 1), asserting the existence of a debt from Plaintiff to Defendant Worldwide for $2,145 and the right to charge 9% interest from September 28, 2007.

28. Lawsuit 13397/09 erroneously asserted that Defendant Worldwide has a Debt Collection Agency license number from the New York City Department of Consumer Affairs of #1247847—the number assigned to North Star Capital Acquisitions, LLC.

29. Lawsuit 13397/09 was never fully commenced. Nothing was served on Plaintiff, no affidavit of service was filed, and no action beyond filing the summons and complaint was taken.

### Factual allegations concerning Defendants' lawsuit under index #13405/10

30. On April 19, 2010, Defendant Worldwide, through its counsel Defendant Rothman, initiated New York County Civil Court lawsuit 13405/10 (Exhibit 2), asserting the existence of a debt from Plaintiff to Defendant Worldwide for $2,095.15 and the right to charge 9% interest from February 5, 2007.

31. On April 19, 2010 Defendant Rothman filed an affidavit of service written by Kevin Lopez in New York County Civil Court. Affiant Kevin Lopez swears to have attempted service on April 12, 2010 at 6:51 PM, April 13, 2010 at 7:42 AM, and to have on April 14, 2010 confirmed defendant's residence and nonmilitary status with a Matt Morales and affixed a copy of the

Summons and Complaint to Plaintiff's door. (Exhibit 3) Plaintiff denies the possibility of service being attempted on April 13, 2010 at 7:42 AM, denies the existence of a Matt Morales, and denies service by affixation to her door. She received the Summons and Complaint because a process server handed it to a male, African, senior citizen who handed it to her.

32. On information and belief Defendants have in place policies that condone and encourage illegal service of process.

33. Lawsuit 13405/10 asserts a Debt Collection Agency license from the New York City Department of Consumer Affairs of #1260697. (Exhibit 2)

34. On information and belief, license number #1260697 expired in 2009. Defendant Worldwide is unlicensed as of the date of this filing and was unlicensed for the duration of lawsuit 13405/10.

35. With minimum diligence, Defendant Rothman could have learned that Defendant Worldwide was unlicensed.

36. The following discrepancies exist between the Defendants' lawsuit 13397/09 (Exhibit 1) and the Defendants' lawsuit 13405/10 (Exhibit 2):
- The amount owed
- The time that Defendant Worldwide could begin charging 9% interest
- Defendant Worldwide's Debt Collection Agency license number.

37. On information and belief, lawsuit 13405/10 states an incorrect amount owed and incorrect time that Defendant Worldwide may begin to charge 9% interest on the alleged debt.

38. On information and belief, Defendants both did not know and knew that they could not learn an amount owed or a time that Defendant Worldwide had the right to charge 9% interest.

39. Lawsuit 13405/10 (Exhibit 2) is signed by Angelo L. Siragusa, an attorney employed by Defendant Rothman.

40. With minimum diligence, Defendant Rothman could have learned of the above discrepancies.

41. Defendants write in lawsuit 13405/10 (Exhibit 2) that the alleged subject debt of the lawsuit originated as a "credit card."

42. On information and belief, lawsuit 13405/10 is actually a deceptive attempt to sue for a possibly defaulted Circuit City store card—not a credit card. *See supra.*

43. On information and belief, the Circuit City store card is subject to a 4 year statute of limitation under UCC § 2-725, and the statute of limitations for this store card had expired by the filing of lawsuit 13405/10. *See supra.*

44. On information and belief, Defendants do not have safeguards to avoid filing lawsuits on time-barred debt.

45. Defendants write in lawsuit 13405/10 (Exhibit 2) that the alleged subject debt of the lawsuit is "a credit card issued by" Chase Manhattan Bank.

46. On information and belief, lawsuit 13405/10 is actually a deceptive attempt to sue for a possibly defaulted Circuit City store card, which was originated by First North American National Bank—not Chase Manhattan Bank—and allegedly assigned at least three times. *See supra.*

47. On information and belief, during the years 2009 and 2010, Defendant Worldwide brought 2,787 consumer credit breach of contract actions in New York State as an alleged assignee of defaulted consumer debts.

48. On information and belief, during the years 2009 and 2010, Defendant Rothman brought 87,044 consumer credit breach of contract actions in New York State.

49. On information and belief, defendants' high volume of litigation is achieved by abstaining from meaningful review of individual cases.

50. On information and belief no attorney at Defendant Rothman meaningfully reviewed lawsuit 13405/10.

51. On information and belief Defendants do not have safeguards to prevent material false assertions in their lawsuits, including but not limited to incorrect amounts owed, incorrect times of default, and incorrect descriptions of origination and assignments.

52. On information and belief, defendants know that their high volume of litigation is replete with material mistakes and assertions that could never be proven with evidence admissible in New York courts.

53. On information and belief, defendants file their high volume of litigation for the purpose of attaining default judgments.

54. On information and belief, Defendants knew that they could never prevail on lawsuit 13405/10 with evidence admissible in New York County Civil Court and their purpose was to attain a default judgment.

55. On April 23, 2010, Plaintiff filed an answer with the defenses of standing, disputing the amount of the debt, lack of personal jurisdiction, and her request for debt validation.

56. A pretrial conference was scheduled for May 21, 2010. On that date, the honorable Peter H. Moulton scheduled a trial on the matter for December 9, 2010 and ordered Defendants to send to Plaintiff by September 15, 2010 all books and records related to her alleged account, all statements of account, and a proof of assignment. (Exhibit 4)

57. Plaintiff was born in Haiti, and after the earthquake, she had to be in Port-Au-Prince for a mission trip on December 9, 2010. Plaintiff received an adjournment for the trial to April 29, 2011.

58. In March 2011, Plaintiff retained The Winfield Firm to represent her in this matter. On March 18, 2011, Michael Winfield mailed Defendant Rothman a representation letter with a reminder to mail all the documentation for the April 29, 2011 trial, per Judge Moulton's May 21, 2010 order.

59. Despite the May 21, 2010 order from Judge Peter H. Moulton, despite the September 15, 2010 court-ordered deadline, despite the long adjournment, and despite the March 18, 2011 reminder letter, as of the date of filing this action, Defendant Rothman has sent no documents.

## **DAMAGES**

60. Defendants' actions caused Plaintiff actual damages.

61. Defendants' false statement in lawsuit 13405/10 that they were suing her for "a credit card issued by" Chase Manhattan Bank caused Plaintiff to panic and feel hopeless. She worried that she might be sued an infinite number of times for her one possibly defaulted Chase Manhattan Bank credit card.

62. Defendants' filing of lawsuit 13405/10 caused Plaintiff embarrassment and humiliation.

63. Plaintiff was forced to go to New York County Civil Court to file an answer, attend a pretrial conference, and file a motion for an adjournment. This caused her to miss work and caused her extreme anxiety.

64. Plaintiff's actual damages include but are not limited to nervousness, stomach pains, headaches and lack of sleep.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

65. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. Defendants falsely stated that the subject debt of a lawsuit originated as a credit card, thereby violating 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), and 15 USC 1692f.

67. Defendants falsely stated that the subject debt of a lawsuit was originated by Chase Manhattan Bank, thereby violating 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), and 15 USC 1692f.

68. Defendants falsely stated that Defendant WorldWide's standing was based upon an assignment from Chase Manhattan Bank, thereby violating 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), and 15 USC 1692f.

69. Defendants filed a lawsuit for an incorrect amount owed and with an incorrect time from which Defendant Worldwide may begin charging 9% interest, thereby violating 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692f, and 15 USC 1692f(1).

70. Defendants filed a lawsuit knowing both that it did not know and could not learn an amount owed or the date from which Defendant Worldwide may begin charging 9% interest, thereby violating 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1).

71. Defendants filed a lawsuit for a time-barred debt, thereby violating 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), and 15 USC 1692f.

72. Defendants lack safeguards to avoid suing for time-barred debt, thereby violating 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), and 15 USC 1692f.

73. Defendants falsely implied that Defendant Worldwide's claim was subject to New York's 6 year statute of limitation for breach of contract action, thereby violating 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), and 15 USC 1692f.

74. Defendants lack safeguards to prevent false statements in their debt collection lawsuits and other debt collection activities, thereby violating 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1).

75. Defendants filed a false affidavit of service, thereby violating 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), and 15 USC 1692f.

76. Defendants have in place policies that condone and encourage false affidavits of service, thereby violating 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), and 15 USC 1692f.

77. Defendants filed a consumer credit breach of contract action for the purpose of attaining a default judgment and knowing they could not prove their case with evidence admissible in New York, thereby violating 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1).

78. Defendants falsely asserted that Defendant Worldwide is licensed by NYC Department of Consumer Affairs, thereby violating 15 USC 1692e, 15 USC 1692e(1), 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692j(a).

79. Defendants prosecuted a consumer credit breach of contract action while Worldwide Asset Purchasing II did not have a debt collection agency license issued by the New York City Department of Consumer Affairs, thereby violating NYCAC § 20-489, NYCAC § 20-490, 15 USC 1692e, 15 USC 1692e, 15 USC 1692e(2)(a), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1).

80. After April 23, 2010—after NYCAC § 20-489 was revised to explicitly require licensure of so-called passive debt buyers—Defendants continued to prosecute a consumer credit breach of contract action while Defendant Worldwide did not have a debt collection agency license issued by the New York City Department of Consumer Affairs, thereby violating NYCAC § 20-489, NYCAC § 20-490, 15 USC 1692e, 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692e(2)(a), and 15 USC 1692f.

SECOND CAUSE OF ACTION
(Violation of the GBL)

81. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. New York prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state…" N.Y. Gen. Bus. Law § 349(h).

83. Defendants' deceptive acts complained of occurred during the course of Defendants' debt collection actions aimed at consumers.

84. Defendants' acts complained of confuse and deceive a broad category of New York consumers.

85. Defendants violations of N.Y. Gen. Bus. Law § 349(h) include but are not limited to the following:

- Falsely stating that Chase Manhattan Bank issued Plaintiff a credit card
- Falsely implying that Defendant Worldwide's claim was subject to New York's 6 year statute of limitation for breach of contract action
- Falsely stating that Defendant Worldwide's standing was based upon an assignment from Chase Manhattan Bank

- Filing a lawsuit for an incorrect amount owed and with an incorrect time from which Defendant Worldwide may begin charging 9% interest
- Filing a lawsuit knowing both that it did not know and could not learn an amount owed or the date from which Defendant Worldwide may begin charging 9% interest
- Filing a lawsuit for time-barred debt
- Lacking safeguards to avoid filing lawsuits for time-barred debt
- Lacking safeguards to prevent false statements in their debt collection lawsuits and other debt collection activities
- Filing a false affidavit of service
- Having in place policies that condone and encourage false service of process.
- Filing a consumer credit breach of contract action for the purpose of attaining a default judgment and knowing they could not prove their case with evidence admissible in New York courts
- Falsely asserting that Defendant Worldwide is licensed by NYC Department of Consumer Affairs.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for the Plaintiff and against Defendants in the amount of her actual damages pursuant to FDCPA § 1692k(a)(1);

B. Enter judgment for the Plaintiff and against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Award the plaintiff actual damages, three times the actual damages, costs and reasonable attorneys fees pursuant to GBL § 349;

F. Grant such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues so triable.

Dated: April 11, 2011
   New York, New York

*Michael Winfield*
Michael Winfield, Esq.
THE WINFIELD FIRM
1178 Broadway, 3rd Floor
New York, New York 10001
winfield@winfieldfirm.com
(646) 784-0251